# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 5, 2019

154773 & (64)

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

IHAB MASALMANI,
      Defendant-Appellant.
_____/

SC: 154773
COA: 325662
Macomb CC: 2009-005244-FC

Bridget M. McCormack,
*Chief Justice*

David F. Viviano,
*Chief Justice Pro Tem*

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
*Justices*

By order of May 2, 2017, the application for leave to appeal the September 22, 2016 judgment of the Court of Appeals was held in abeyance pending the decisions in *People v Skinner* (Docket No. 152448) and *People v Hyatt* (Docket No. 153081). On order of the Court, the cases having been decided on June 20, 2018, 502 Mich 89 (2018), the application is again considered, and it is GRANTED, limited to the issue whether, in exercising its discretion to impose a sentence of life without parole (LWOP), the trial court properly considered the "factors listed in *Miller v Alabama*, [567 US 460] (2012)" as potentially mitigating circumstances. MCL 769.25(6). See also *Skinner*, 502 Mich at 113-116. In particular, the parties shall address: (1) which party, if any, bears the burden of proof of showing that a *Miller* factor does or does not suggest a LWOP sentence; (2) whether the sentencing court gave proper consideration to the defendant's "chronological age and its hallmark features," *Miller*, 567 US at 477-478, by focusing on his proximity to the bright line age of 18 rather than his individual characteristics; and (3) whether the court properly considered the defendant's family and home environment, which the court characterized as "terrible," and the lack of available treatment programs in the Department of Corrections as weighing against his potential for rehabilitation. The time allowed for oral argument shall be 20 minutes for each side. MCR 7.314(B)(1). The motion to remand is DENIED.

The Criminal Defense Attorneys of Michigan and the Prosecuting Attorneys Association of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



t0329

I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 5, 2019



Clerk